# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-160-LRR |
| vs. | **ORDER REGARDING RESTITUTION** |
| CHRIS PIPKIN, | |
| Defendant. | |

## *I. INTRODUCTION*

The matter before the court is the sentencing of Defendant Chris Pipkin.

## *II. RELEVANT PRIOR PROCEEDINGS*

On December 7, 2006, Defendant was charged in a one-count Indictment. Count 1 charged Defendant with False Statements on a Loan Application, in violation of 18 U.S.C. § 1014.[1]

---

[1] **§ 1014. Loan and credit applications generally; renewals and discounts; crop insurance**

Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of . . . any institution the accounts of which are insured by the Federal Deposit Insurance Corporation . . . upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, or loan, or any change or extension of any of the same, by renewal, deferment of action or otherwise, or the acceptance, release, or substitution of security therefor, shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both. . . .

(continued…)

On August 7, 2007, Defendant appeared before United States Magistrate Judge Jon Stuart Scoles and pled guilty to the Indictment. Defendant pled guilty pursuant to a plea agreement ("Plea Agreement") with the government. As a part of the Plea Agreement, Defendant "agree[d] to pay full restitution to all victims of [Count 1]." Plea Agreement (docket no. 43-2), at ¶ 11. On August 22, 2007, the undersigned accepted Defendant's guilty plea.

On December 28, 2007, the United States Probation Office ("USPO") filed Defendant's Presentence Investigation Report ("PSIR"). In the PSIR, the USPO recommends that the court order Defendant to pay restitution to U.S. Bank, f/k/a Firstar Bank, in the amount of $482,500. *See* PSIR (docket no. 46), at ¶ 93 (citing 18 U.S.C. § 3663A(c)(1)(A)(ii)).

On January 23, 2008, Defendant filed a Memorandum Regarding Financial Restitution (docket no. 50-4), in which he objects to the imposition of any restitution to U.S. Bank. On January 24, 2008, the government filed a Sentencing Memorandum, in which it argues that restitution to U.S. Bank is mandatory under 18 U.S.C. § 3663A.

On February 7, 2008, the court held a sentencing hearing ("Hearing"). Assistant United States Attorney Sean R. Berry represented the government. Attorney Stephen A. Swift represented Defendant, who was personally present.

At the Hearing, the court afforded the parties the opportunity to fully argue the restitution issue. The court then adjourned the Hearing pending the issuance of the instant

---

1(…continued)

18 U.S.C. § 1014 (2000) (emphasis in original). Section 1014 was amended in 2001, *see* Pub. L. 107-100, § 4(a), 115 Stat. 966 (Dec. 21, 2001), however, such amendment is not relevant here.

Order Regarding Restitution.[2] When the Hearing resumes, the court shall pronounce sentence in a manner consistent with the instant Order Regarding Restitution.

### III. ANALYSIS

"'Federal courts cannot order restitution in a criminal case without a statutory basis.'" *United States v. Lachowski*, 405 F.3d 696, 698 (8th Cir. 2005) (quoting *United States v. Pawlinski*, 374 F.3d 536, 540 (7th Cir. 2004)). On multiple occasions, Congress has provided statutory authorization for court-ordered restitution. At issue in this sentencing is the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A. In relevant part, the MVRA provides:

> **§ 3663A. Mandatory restitution to victims of certain crimes**
>
> (a)(1) Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense . . . .
>
> (2) For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered . . . .
>
> (3) The court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense.

---

[2] The court had also anticipated calculating Defendant's advisory Sentencing Guidelines range before the Hearing resumed. However, the court did not afford Defendant the opportunity to allocute before the Hearing adjourned and the parties disagree as to whether Defendant is entitled to a reduction for acceptance of responsibility under USSG §3E1.1 (1998). Therefore, it would be premature to calculate Defendant's advisory Sentencing Guidelines range at this time.

(b) The order of restitution shall require that such defendant—

(1) in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense—

(A) return the property to the owner of the property or someone designated by the owner; or

(B) if return of the property under subparagraph (A) is impossible, impracticable, or inadequate, pay an amount equal to—

(i) the greater of—

(I) the value of the property on the date of the damage, loss, or destruction; or

(II) the value of the property on the date of sentencing, less

(ii) the value (as of the date the property is returned) of any part of the property that is returned;

* * *

(c)(1) This section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense—

(A) that is—

* * *

(ii) an offense against property under this title . . . , including any offense committed by fraud or deceit . . . .

* * *

(B) in which an identifiable victim or victims has suffered a . . . pecuniary loss.

* * *

> (d) An order of restitution under this section shall be issued and enforced in accordance with section 3664.

18 U.S.C. § 3663A.

The parties agree that the plain terms of § 3663A require the court to order restitution to U.S. Bank in the amount of $482,500. Defendant pled guilty to Count 1, False Statements on a Loan Application, in violation of 18 U.S.C. § 1014. This is "an offense against property under [Title 18] . . . , including any offense committed by fraud or deceit . . . ." 18 U.S.C. § 3663A(c)(1). U.S. Bank is a "victim" of Count 1, because U.S. Bank is "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id.* § 3663A(a)(2). As a direct and proximate result of Defendant's false statements on a January of 2000 loan application, U.S. Bank lost $482,500. U.S. Bank loaned Defendant $500,000 on the belief that he held assets much greater in value than those he actually held; U.S. Bank has only recovered $27,500 of this total sum after Defendant failed to repay the loan.

Defendant also agreed to make full restitution to U.S. Bank. The Plea Agreement provides:

> [D]efendant agrees to pay full restitution to all victims of the offense to which he is pleading guilty. [D]efendant further understands that the amount of loss sustained by each victim will be determined during the course of preparation of the [PSIR]. [D]efendant agrees to cooperate in the investigation of the amount of loss and the identification of victims. [D]efendant understands that full restitution will be ordered regardless of [D]efendant's financial resources. Any restitution obligation should be paid to the Clerk of Court for eventual disbursement to victims. Complete restitution shall be due and payable at or before the time of sentencing. [D]efendant agrees to cooperate in efforts to collect the restitution obligation, by any means the United States deems appropriate. [D]efendant understands that imposition or payment of restitution will not restrict or preclude the filing of

5

> any civil suit or administrative action. [D]efendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and he will not seek a discharge or a finding of dischargeability as to the restitution obligation.

Plea Agreement at ¶ 11.

In direct contradiction to the plain terms of the statute and his promises in the Plea Agreement, Defendant reneges on his promises in the Plea Agreement and argues that the court should not order him to make restitution to U.S. Bank. Defendant represents to the court that, in early 2003, he obtained a "discharge of indebtedness" from the United States Bankruptcy Court for the Northern District of Iowa and, "[i]ncluded in the scheduled list of debts was a debt owed to [U.S.] Bank for the underlying loan" of $500,000. Defendant's Memorandum Regarding Financial Restitution (docket no. 50-4), at 1. Defendant points out that a discharge of indebtedness generally releases the debtor from debts arising before the date of the discharge. *See* 11 U.S.C. § 727 (setting forth the so-called "fresh start" provisions of federal bankruptcy law).

Defendant constructs an elaborate legal argument to show that the plain language of § 3663A does not govern. The argument proceeds as follows. Defendant points out that, in *United States v. Carruth*, 418 F.3d 900 (8th Cir. 2006), the Eighth Circuit Court of Appeals stated that the purpose of restitution is "to make victims whole, not to punish perpetrators." 418 F.3d at 904 (citing *United States v. Arutunoff*, 1 F.3d 1112, 1121 (10th Cir. 1993)). Defendant argues that this statement in *Carruth* contradicts a statement that the Eighth Circuit Court of Appeals made in *United States v. Vetter*, 895 F.2d 456 (8th Cir. 1990). In *Vetter*, the Eighth Circuit Court of Appeals held that a federal court's restitution order under 18 U.S.C. § 3663 (1988) was exempt from a prior discharge of indebtedness from a federal bankruptcy court. 895 F.2d at 459. The Eighth Circuit Court of Appeals held that such restitution orders were excepted under 11 U.S.C. § 523(a)(7) (1988), which excepted any debt 'for a fine, penalty, or forfeiture payable to and for the

6

benefit of a governmental unit [that] is not compensation for actual pecuniary loss.'" *Id.* (quoting 11 U.S.C. § 523(a)(7) (1988). The Eighth Circuit Court of Appeals reasoned that "restitution resulting from criminal proceedings enforces 'the [government's] interests in rehabilitation and punishment, rather than the victim's desire for compensation . . . .'" *Id.* (quoting *Kelly v. Robinson*, 479 U.S. 36, 63 (1986)). Defendant concludes that, since the Eighth Circuit Court of Appeals's statement in *Carruth* about the purpose of restitution appears to contradict *Vetter*, the holding of *Vetter* is no longer valid and the court may not award restitution to U.S. Bank.

Defendant's argument is frivolous and a clear breach of the Plea Agreement.[3] Even if the court were to assume that *Carruth* abrogates *Vetter*, it is not a necessary consequence that the court must ignore the plain terms of § 3663A. *Vetter* analyzed a restitution statute, 18 U.S.C. § 3663 (1988), that plays no part in this case. After the Eighth Circuit Court of Appeals decided *Vetter*, Congress passed § 3663A. Section 3663A makes restitution mandatory in this case "*[n]otwithstanding any other provision of law*." 18 U.S.C. § 3663A (2000) (emphasis added). Thus, even if 11 U.S.C. § 727 purported to discharge Defendant's debt to U.S. Bank and the exception in 11 U.S.C. § 523(a)(7) did not apply, Defendant would still be liable for restitution under § 3663A. *See, e.g., Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 18 (1993) ("[I]n construing statutes, the use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section."); *see also United States v. Hyde*, 497 F.3d 103, 108 (1st Cir. 2007) (holding that another "notwithstanding" clause in the MVRA overrode apparently contrary state law and federal bankruptcy law) (citing *United States v. Novak*, 476 F.3d 1041, 1047 (9th Cir. 2007) (en banc) (holding that the MVRA supersedes certain provisions in ERISA) and *United States*

---

[3] The court assumes without deciding that Paragraph 13 of the Plea Agreement is not a sufficient basis in itself for Defendant to pay restitution to U.S. Bank.

*v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (same)). Accordingly, when the Hearing resumes the court shall order Defendant to make restitution to U.S. Bank in the amount of $482,500.

Alternatively, the court also notes that, after the Eighth Circuit Court of Appeals decided *Vetter*, Congress passed the Violent Crime Control and Law Enforcement Act of 1994 ("Act"), Pub. L. 103-322, 108 Stat. 1796 (Sept. 13, 1994). Section 320934 of the Act, which at all relevant times was codified at 11 U.S.C. § 523(a)(13), provides that a discharge under § 727 "does not discharge an individual debtor from any debt . . . for any payment of an order of restitution issued under title 18, United States Code." Accordingly, any discharge Defendant may have received from the United States Bankruptcy Court for the Northern District of Iowa under § 727 does not apply to an order of restitution in this case under the MVRA, 18 U.S.C. § 3663A.

## IV. DISPOSITION

When the Hearing resumes, the court shall order Defendant to pay restitution to U.S. Bank in the amount of $482,500, pursuant to 18 U.S.C. § 3663A.

**IT IS SO ORDERED.**

**DATED** this 19th day of February, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA